IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02331–RM–KMT

EDWARD LEE HICKS,

    Plaintiff,

v.

ALVIN MASSENBURG, official capacity as a Medical Provider for the Colorado Dep. of Corrections, and in his individual capacity, Limon Corr. Facility,
NICOLE BLATNICK, official capacity as Health Services Adm. For the Colorado Dep. of Corrections, and in her individual capacity, Limon Corr. Facility,
TRUDY SICOTTE, official capacity as Medical Provider for the Colorado Dep. of Corrections, and in her individual capacity, Limon Corr. Facility,
MARTINEZ, official capacity as Chief Medical Provider for the Colorado Dep. of Corrections, and in his individual capacity,
VALENTINA KUCHER, official capacity as Medial Provider for the Colorado Dep. of Corrections, and in her individual capacity, Limon Corr. Facility,
JENNIFER NOVATNY, official capacity as a supervisor in the Pharmacy for the Colorado Department of Corrections, and in her individual capacity,
JOHN DOE, official capacity as Deputy Director of Clinical Services for the Colorado Department of Corrections, and in their individual capacity, and
RICK RAEMISCH, official capacity as the Executive Director for the Colorado Department of Corrections, and in his individual capacity,

    Defendants.

**ORDER**

This matter is before the court on the "CDOC Defendants' Motion to Vacate the January 21, 2015 Scheduling Conference and Stay Discovery" (Doc. No. 35, filed January 5, 2015). For the following reasons, Defendants' Motion to Stay is GRANTED.

In this case, Plaintiff asserts claims for relief pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. No. 9.) Defendants have filed a motion to dismiss in which they argue, *inter alia,* that they are entitled to qualified immunity from Plaintiff's claims against them. (Doc. No. 27.) Accordingly, in their Motion to Stay, Defendants seek a stay of discovery pending ruling on whether they are entitled to qualified immunity from Plaintiff's claims as alleged.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id*. at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning

other issues until the critical issue is resolved"). When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. 1987)).

The court recognizes that Plaintiff has an interest in proceeding in an expeditious manner. However, the court finds that any potential prejudice to Plaintiff is outweighed by the burden on Defendants if they were forced to proceed with discovery in spite of well-established precedent supporting a stay when an immunity defense has been raised.  Further, although qualified immunity is a potential defense only as to Plaintiff's individual capacity claims under § 1983, *See Rome v. Romero,* 225 F.R.D. 640, 643-644 (D. Colo. 2004), the Supreme Court has recognized:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants.  It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.  Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal,* 556 U.S. at 685.  As such, proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative.

The third *String Cheese* factor also favors a stay. Although the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have the case subsequently dismissed in its entirety on the grounds raised in the motions to dismiss. *See Nankivil*, 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties nor the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

**ORDERED** that the "CDOC Defendants' Motion to Vacate the January 21, 2015 Scheduling Conference and Stay Discovery" (Doc. No. 35) is **GRANTED**. All proceedings in this matter are hereby **STAYED** pending ruling on Defendants' Motion to Dismiss. It is further

**ORDERED** that the defendants shall file status report within seven days of a ruling on Defendants' Motion to Dismiss, if any portion of the case remains pending, to advise if the Scheduling Conference should be reset.

Dated this 25th day of February, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge