IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–02331–RM–KMT

EDWARD LEE HICKS,

    Plaintiff,

v.

ALVIN MASSENBURG, official capacity as a Medical Provider for the Colorado Dep. of Corrections, and in his individual capacity, Limon Corr. Facility,
NICOLE BLATNICK, official capacity as Health Services Adm. For the Colorado Dep. of Corrections, and in her individual capacity, Limon Corr. Facility,
TRUDY SICOTTE, official capacity as Medical Provider for the Colorado Dep. of Corrections, and in her individual capacity, Limon Corr. Facility,
MARTINEZ, official capacity as Chief Medical Provider for the Colorado Dep. of Corrections, and in his individual capacity,
VALENTINA KUCHER, official capacity as Medial Provider for the Colorado Dep. of Corrections, and in her individual capacity, Limon Corr. Facility,
JENNIFER NOVATNY, official capacity as a supervisor in the Pharmacy for the Colorado Department of Corrections, and in her individual capacity,
JOHN DOE, official capacity as Deputy Director of Clinical Services for the Colorado Department of Corrections, and in their individual capacity, and
RICK RAEMISCH, official capacity as the Executive Director for the Colorado Department of Corrections, and in his individual capacity,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Kathleen M. Tafoya

    This matter is before the court on the "CDOC Defendants' Motion to Dismiss Amended Complaint" filed by Defendants Massenberg, Blatnick, Martinez, Kucher, Novatny, and Raemisch (Doc. No. 27 [Mot.], filed December 8, 2014), to which Plaintiff filed his response on April 28, 2015 (Doc. No. 50 [Resp.]). Defendants did not file a reply.

**STATEMENT OF CASE**

Plaintiff, proceeding *pro se*, is a prisoner who was, at the times of the events at issue in Plaintiff's Amended Complaint, housed at the Limon Correctional Facility ("LCF") within the Colorado Department of Corrections ("CDOC").[1] (*See* Doc. No. 9 [Am. Compl.], filed September 5, 2014). Plaintiff asserts that the defendants violated his Eighth Amendment rights by failing to provide proper medical care for his arthritis and back pain. (*See id.* at 4, 17–18.) Plaintiff alleges the failure of the defendants to provide proper medical care has caused him to "suffer with pain and swelling in his joints" and permanent mobility limitations. (*See id.* at 9.) The CDOC Defendants move to dismiss Plaintiff's claims against them in their entirety.[2]

**LEGAL STANDARDS**

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors*

---

[1] At the time Defendants filed their Motion to Dismiss, Plaintiff had been released on parole. (*See* Mot. at 1.) However, Plaintiff is now incarcerated at the Buena Vista Correctional Complex-Mininum ("BVMC"). (*See* Doc. No. 50.)

[2] Defendant Sicotte filed an answer to the Amended Complaint. (Doc. No. 22.)

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### 2.     *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## 3.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means

that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

### 1. *Exhibits Attached to Original Complaint*

As a preliminary matter, the CDOC Defendants argue that the Court should not consider the exhibits Plaintiff improperly attempts to incorporate by reference into his Amended

Complaint.  (*See* Mot. at 4.)  The exhibits were attached to Plaintiff's original, superseded pleading.  (*See* Doc. No. 1.)

"[A]n amended complaint supersedes an original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). Litigants "shall not incorporate by reference any part of the preceding pleading, including exhibits." D.C.COLO.LCivR 15.1(b).  Moreover, it is well established in the Tenth Circuit that *pro se* litigants must follow the same procedural rules that govern all other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (stating that pro se parties must "follow the same rules of procedure that govern other litigants.").

The court agrees with the CDOC Defendants that it should not consider exhibits that have not been attached to Plaintiff's operative complaint.

## 2.     *Eleventh Amendment Immunity*

The CDOC Defendants move to dismiss the claims for monetary damages and other retroactive relief asserted against them in their official capacities as barred by Eleventh Amendment immunity.  (Mot. at 5.)

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state

official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officials sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70–71.

Plaintiff's claims for money damages against the CDOC Defendants in their official capacities constitute claims against the CDOC. Therefore, Plaintiff's official capacity-claims for money damages are barred by the Eleventh Amendment and are properly dismissed for lack of subject matter jurisdiction. *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).

It appears that Plaintiff also seeks retrospective declaratory relief. (Am. Compl. at 1, 20, 9.) The Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against state officials in their official capacity. *See Will*, 491 U.S. at 71 n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks and citation omitted); *Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). Nevertheless, to the extent that Plaintiff seeks retrospective declaratory relief—by way of a declaration that his rights have been violated (*see* Am. Comp. at 20)—such claims are barred by the Eleventh Amendment. *Meiners v. University of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

Therefore, Plaintiff's official-capacity claims for declaratory relief are also barred by the Eleventh Amendment.

### 3. *Claims for Injunctive Relief Against CDOC Defendatns*

The CDOC Defendants move to dismiss Plaintiff's claims for injunctive relief against them as moot. (Mot. at 6.)

"The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Jordon v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (internal quotation marks omitted). "Mootness is found when events outside the litigation make relief impossible. Events may supersede the occasion for relief." *Jordon*, 654 F.3d at 1023 (internal quotation marks and alterations omitted). In other words, "the suit must present a real and substantial controversy with respect to which relief may be fashioned." *Jordon*, 654 F.3d at 1024. It is grounded in the requirement that a case before a federal court be "definite, concrete and amenable to specific relief." *Jordon*, 654 F.3d at 1024 (internal quotations omitted and emphasis in original). Accordingly, the court must examine whether conclusive relief may be granted despite any change in circumstances. *See Jordon*, 654 F.3d at 1024.

The issue of mootness is raised where a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking injunctive relief on the basis of alleged wrongful conduct by those officials, and then the prisoner is subsequently transferred to another prison or released from the prison system. *See Jordan*, 654 F.3d at 1027. Where the prisoner's claims for injunctive relief relate solely to the conditions of confinement at the penal

institution at which the prisoner is no longer incarcerated, courts are unable to provide the prisoner with effective relief. *See Jordan*, 654 F.3d at 1027; *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997). In such a situation, a prisoner's transfer or release signals the end of the alleged deprivation of his constitutional rights as the prisoner is no longer subject to the conditions complained of or exposed to harm by that particular defendant. *See Jordan*, 654 F. 3d at 1027–1028. In addition, the defendant can no longer comply with the remedy that may be ordered by the court. *See Jordan*, 654 F.3d at 1027 n.16 & 1028. Where a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system, however, a prisoner's injunctive claims may not be moot even after he has been transferred to another prison in that system. *See Jordan*, 654 F.3d at 1028–1029.

Here, Plaintiff seeks an injunction ordering the CDOC Defendants to provide proper medical care to Plaintiff. (*See* Am. Compl. at 20.) Plaintiff alleges Defendants Massenburg, Blatnik, and Kucher are medical providers at LCF. However, Plaintiff is no longer incarcerated at LCF. Thus, Plaintiff's claims for injunctive relief against these defendants are moot. *See Jordan*, 654 F.3d at 1027.

However, since the CDOC Defendants filed their Motion to Dismiss, Plaintiff is again incarcerated at the BVMC. (*See* Doc. No. 50.) It appears that Plaintiff seeks injunctive relief against Defendants Martinez, Novatny, and Raemisch related to policies that apply in a general and uniform fashion throughout the CDOC. (*See* Am. Compl. at 2–3, 7, 9, 13, 14, 15, 16.) Thus, these claims are not moot even though Plaintiff is now housed in a different CDOC facility. *See Jordan*, 654 F.3d at 1028–1029.

Therefore, the CDOC Defendants' motion to dismiss Plaintiff's claims for injunctive relief asserted against Defendants Massenburg, Blatnik, and Kucher should be granted; however the CDOC Defendants' motion to dismiss the claims for injunctive relief against Defendants Martinez, Novatny, and Raemisch should be denied.

### *4.   Personal Participation*

The CDOC Defendants move to dismiss the claims against Defendants Raemisch, Martinez, and Novatny for lack of personal participation. (Mot. at 7–8.)

The personal participation required to hold a person accountable in a § 1983 action is personal participation in the alleged constitutional violation. *See Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) ("To establish a supervisor's liability under § 1983 [the plaintiff] must show that 'an "affirmative link" exists between the [constitutional] deprivation and either the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise." ' ") (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir.1988) (quoting *Specht v. Jensen*, 832 F.2d 1516, 1524 (10th Cir. 1987))).

> A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional violation, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Dodds v. Richardson*, 614 F. 3d 1185, 1199 (10th Cir. 2010).

Plaintiff alleges Defendant Raemisch is the executive director of the CDOC; Defendant Martinez is the chief medical officer of the CDOC; and Defendant Novatny is a supervisor in pharmacy for the CDOC. (Am. Compl. at 2–3, 9–16.) Plaintiff alleges Defendants Raemisch, Martinez, and Novatny denied Plaintiff "continuous and effective" medication by implementing

a "cost cutting" policy for "budgetary reasons." (*Id.* at 6–7.) Plaintiff alleges Defendant Raemisch is the official who approves and signs off on the CDOC's medication policies. (*Id.* at 7.) To the extent Plaintiff seeks to hold Defendants Raemisch, Martinez, and Novotny for the implementation of a medication policy, "[p]ast input into the formulation of prison regulations . . . is a connection far too attenuated to support liability under § 1983." *Grimsley v. MacKay*, 93 F.3d 676, 680 (10th Cir. 1996). Plaintiff's conclusory allegations show only a possible indirect involvement of the state prison administration in Plaintiff's personal situation and fail to allege the necessary personal participation required for individual liability under § 1983.

Plaintiff also alleges Defendants Raemisch and Martinez denied him access to an orthopedic specialist or physical therapy to treat his medical conditions. (*Id.* at 7–8.) However, Plaintiff's Amended Complaint is devoid of any allegations that establish that either of these defendants was personally involved in or actually aware of Plaintiff's alleged need for an orthopedic specialist or physical therapy. As Plaintiff has failed to assert an affirmative link between the alleged constitutional violations and these defendants' participation, control or direction, or failure to supervise, *see Green*, 108 F.3d at 1302, Plaintiff's claims against them related to an alleged failure to provide access to an orthopedic specialist or physical therapy should be dismissed.

Accordingly, the court finds that Plaintiff has failed to allege personal participation on the part of Defendants Raemisch, Martinez, and Novatny, and the claims against them should be dismissed.

## 5. *Plaintiff's Eighth Amendment Claim*

Plaintiff alleges Defendants Massenburg, Blatnick, and Kucher violated his Eighth Amendment rights by failing provide him proper treatment for his arthritis and lower back pain. (Am. Compl. at 4.)

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A claim for deliberate indifference has both an objective component and a subjective component.  To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).

To satisfy the subjective component, a prisoner must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.*; *see also Giron v. Corrs. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999). Instead, "[t]he subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self*, 439 F.3d at 1231.  That is, the official must "know[] of and disregard[] an excessive risk to inmate

12

health and safety." *Farmer*, 511 U.S. at 837; *see also id.* ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The CDOC Defendants argue only that Plaintiff has failed to satisfy the objective component of an Eighth Amendment deliberate indifference claim. (*See* Mot. at 9.)

Plaintiff alleges that "on approximately 05/02/2013 [Defendants Massenburg, Blatnick, and Kucher] 'significantly deviated' from the Plaintiff's treatment plan and would no longer provide the Plaintiff with a 'continuous and effective' medication to treat his severe traumatic arthritis." (Am. Compl. at 6.) Plaintiff alleges the defendants' alleged deviation from the treatment plan "makes no sense to the Plaintiff" and is not "reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards." (*Id.* at 5.) Plaintiff alleges the defendants "instruct[ed] Plaintiff to purchase his medication to control his pain and swelling from the . . . canteen." (*Id.* at 6, 9.) Plaintiff states he was able to purchase the medication, Naproxen, from the canteen only five times "due to finances." (*Id.* at 6.) Plaintiff also alleges the defendants failed to conduct a physical exam of Plaintiff. (*Id.* at 7.) Finally, Plaintiff alleges the defendants did not grant his requests to be seen by an orthopedic specialist or a physical therapist. (*Id.* at 8.)

Plaintiff's allegations amount to nothing more than a dispute over the adequacy of the care provided. As support for his Eighth Amendment claim in this action, Plaintiff mainly alleges that the many medications prescribed for his pain have been ineffective and he was, for a period of time, denied one specific medication. These allegations evince nothing more than a difference of opinion between Plaintiff and the trained medical staff who have exercised their

professional judgment as to these matters.  Such a dispute does not rise to the level of an Eighth Amendment violation, however.

To the extent Plaintiff alleges that the medical judgment of any defendant was unsound or that more efficacious treatment was available but not prescribed, these allegations amount to no more than a claim of negligence.  " '[A] complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.' "  *Green*, 108 F.3d at 1303 (citing *Estelle*, 429 U.S. at 106).  While the judgment of medical personnel that results in the deprivation of medical treatment may give rise to an action in tort for malpractice or negligence, it does not rise to a federal constitutional violation.  *Estelle*, 429 U.S. at 105–06; *Losee v. Garden*, 420 F. App'x 821, 824 (10th Cir. 2011) (citing *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999) ("Even '[a] negligent failure to provide adequate medical care, [and] even one constituting medical malpractice, does not give rise to a constitutional violation.' "); *Self*, 439 F.3d at 1233 (In the end, the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.").

Furthermore, Plaintiff is not entitled to the medication or other treatment of his choosing.  The Supreme Court has expressly held that:

> the Eighth Amendment does not afford prisoners a right to medical treatment of their choosing; the question of what . . . treatments should be administered to an inmate is a 'classic example of a matter for medical judgment' and accordingly, prison medical personnel are vested with broad discretion to determine what method of care and treatment to provide to their patients.

*Estelle*, 492 U.S. at 107.

14

In his Amended Complaint, Plaintiff concedes he was taking a multitude of pain medications for his arthritis and lower back pain, including Naproxen, Motrin, Ibuprofen, Salsalate, Flexeral, Toradol injections, Neurotin, Baclofen, Robaxin, and Valtorin. (Am. Compl. at 5.) Plaintiff disagrees with the type of pain medication prescribed for his pain and alleges that he should not have been taken off Naproxen. However, "the prisoner's right is to medical care—not the type or scope of medical care which he personally desires." *Henderson v. Sec. of Corrs.*, 518 F.2d 694, 695 (10th Cir. 1995). Decisions as to which particular drug an inmate receives are left to the discretion of trained prison medical personnel. *See Boyett v. Cnty. of Washington*, 282 F. App'x 667, 674 (10th Cir. 2008) (A prison medical assistant's substitution of Clonidine for Methadone, which was not allowed in the facility, does not demonstrate deliberate indifference); *Moore v. Friel*, No. 2:05-cv-0229 DAK, 2007 WL 1874194 (D. Utah, June 27, 2007). Plaintiff's belief that he needs Naproxen, rather than the other medication prescribed simply is "insufficient to establish a constitutional violation." *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992); *see Hill v. Cavanagh*, 223 F. App'x 595, 596 (9th Cir. 2007) (state prison officials not deliberately indifferent to state prisoner's medical needs, including alleged hypertension and back and knee pains, where medical staff monitored prisoner and prescribed Motrin for his pains); *Mack v. Wilkinson*, 90 F. App'x 866, 867–68 (6th Cir. 2004)(affirming summary judgment where medical staff treated plaintiff's back pain with Motrin and took steps to supply plaintiff with a substitute prescription while his Motrin was refilled); *Ortiz v. Makram*, No. 96 CIV. 3285 AGS, 2000 WL 1876667, at *10 (S.D.N.Y. Dec. 21, 2000) ("It is not for this Court to determine whether [plaintiff's]

15

condition warranted Percocet, or whether, in light of his condition and his history of drug addiction . . . [plaintiff] should have received Motrin. It is sufficient that this case . . . involved a consideration of the inmate's overall condition and a medical determination as to the appropriate treatment. [Plaintiff's] disagreement with that judgment does not render it constitutionally infirm."). Likewise, "[t]he failure to provide stronger pain medication does not constitute deliberate indifference." *Harris v. Westchester Cnty. Med. Ctr.*, No. 08 Civ. 1128(RJH), 2011 WL 2637429, at *3 (S.D.N.Y. July 6, 2011) ("The failure to provide stronger pain medication does not constitute deliberate indifference."); *see also e.g., Feder v. Sposato*, No. 11-CV-193, 2014 WL 1801137, at *9 (E.D.N.Y. May 7, 2014) (same); *Jacobs v. McVea*, Civil Action No. 14-552, 2014 WL 2894286, at *7 (E.D. La. June 25, 2014)("While it is evident that plaintiff was unhappy with the over-the-counter pain medication, a prisoner has no right to be prescribed a particular medication for pain, and the fact that he disagrees with the prison medical staff concerning which pain medication is appropriate is not actionable under § 1983."); *Womack v. Bakewell*, No. 2:10-cv-2778, 2013 WL 3148467, at *9 (E.D. Cal. June 19, 2013)(plaintiff's disagreement with defendants about the type and strength of his pain medication did not reflect a conscious disregard of plaintiff's serious medical needs; plaintiff's preference for stronger medication "represents precisely the type of difference between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation."); *Gibson–Riggs v. Grant County Detention Cent.*, No. 05-148-DLB, 2010 WL 1050071, at *6–7 (E.D. Ky. March 18, 2010)(plaintiffs' allegations that they did not receive their preferred medications "sounds in negligence, which is not

16

actionable under § 1983" and amounted to nothing more than a disagreement with the course of treatment).

To the extent Plaintiff alleges the defendants were motivated to deny him Naproxen due to budgetary or cost savings measures, no culpable state of mind is established by the denial of a medication because it is not on a formulary or is more costly. *Beauclar v. Roberts*, No. 14-3041-SAC, 2015 WL 541571, at *19 (D. Kan. Feb. 10, 2015); *Green v. Werholtz*, No. 09-3055-SAC, 2009 WL 1116316, at *8 (D. Kan. April 24, 2009).

To the extent Plaintiff alleges the defendants failed to provide him with a physical exam by a doctor who could properly diagnose his medical problems, this allegation alone does not indicate that the defendants acted with deliberate indifference. *Cf. Perkins*, 165 F.3d at 811 (holding that a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation). *See also Farmer*, 511 U.S. at 838 (holding that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," will not sustain a claim under the Eighth Amendment).

Finally, Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) ("The decision that a patient's condition requires a specialist is a decision about the patient's course of treatment, and 'negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment."); *Self*, 439 F.3d at 1232 ("[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor

merely exercises his considered medical judgment. Matters that traditionally fall within the scope of medical judgment are such decisions as to whether to consult a specialist or undertake additional medical testing."); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). This court finds that Plaintiff's Amended Complaint does not support an inference that "even a lay person would easily recognize the necessity for a [specialist's] attention," *Oxendine v. Kaplan*, 241 F.3d at 1278 (quotation omitted), in which case the failure to refer the patient could be actionable. "[T]here is no indication that [Plaintiff's] condition obviously required unusual medical skill or ability, or that the prison medical personnel were incapable of attempting to treat [him] in the first instance." *Franklin v. Kan. Dep't of Corrs.*, No. 05-3166, 2005 WL 3515716, at *3 (10th Cir. Dec. 23, 2005).

Under the facts alleged by Plaintiff, this court finds that Plaintiff has failed to state a claim of deliberate indifference to his health or medical safety.

### 6. *Qualified Immunity*

The CDOC Defendants, in their individual capacities, raise the defense of qualified immunity to Plaintiff's claims. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). To overcome the defendants' claim of qualified immunity, the plaintiff must establish that the defendants' actions violated plaintiff's constitutional or statutory right and that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the

inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

This court recommends Plaintiff's claims against the CDOC Defendants be dismissed. Thus, Plaintiff has not established that the CDOC Defendants violated Plaintiff's constitutional or statutory rights as to those claims, and the CDOC Defendants are entitled to qualified immunity in their individual capacities as to those claims.

## CONCLUSION

Based on the foregoing, this court respectfully

**RECOMMENDS** that the "CDOC Defendants' Motion to Dismiss Amended Complaint" filed by Defendants Massenberg, Blatnick, Martinez, Kucher, Novatny, and Raemisch (Doc. No. 27) be **GRANTED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of September, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge